UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

NICOLA MCDOWELL

Defendant.

Criminal Action No. 16-cr-222-1

**OPINION AND ORDER**

On December 7, 2016, the government indicted Nicola McDowell for one count of False Statement in Application and Use of a Passport, in violation of 18 U.S.C. § 1542, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Indictment at 1–2, ECF No. 1. On November 29, 2017, McDowell pleaded guilty to Count One of the Indictment. Plea Agreement at 1, ECF No. 13. On March 13, 2018, this court sentenced McDowell to thirty-six months of probation, a fine of $4,000, and a special assessment of $100 on Count One. Judgment at 1, 4, 7–8, ECF No. 20.

McDowell now moves to expunge her criminal conviction because she needs to "clear [her] name to apply for work." Def.'s Mot. to Expunge Crim. Rec. at 1, ECF No. 24 ("Def.'s Mot."). The government opposes because McDowell "fails to proffer any statutory basis for, or any 'extraordinary circumstances' justifying, her request for equitable relief." Gov't Opp'n to Def.'s Mot. to Expunge Crim. Rec. at 2, ECF No. 25 ("Gov't Opp'n"). The court agrees.

There is no "standalone right to expungement of government records[.]" *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015). "The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent

equitable powers." *United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018). A court can only use its equitable powers if there is evidence of a "lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979).

McDowell cites no statutory basis in support of her request for expungement, nor does she argue that her conviction was otherwise improper. Def.'s Mot. at 1. Her only basis for expungement is that she needs to "clear her name to apply for work." *Id.* The court understands the "substantial barrier to employment" that a criminal conviction may cause. *Menard v. Saxbe*, 498 F.2d 1017, 1024 (D.C. Cir. 1974). But that hardship in and of itself falls short of an extraordinary circumstance required for this court to rule in McDowell's favor. *United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."); *United States v. Evans*, 78 F. Supp. 3d 351, 353 (D.D.C. 2015) ("Evans seeks to expunge his criminal record so that it does not appear on background checks run by potential employers. However, in this Circuit, this does not present an extreme or unusual circumstance justifying expungement."); *United States v. Robinson*, 23 F. Supp. 3d 15, 16 (D.D.C. 2014) ("[E]ven difficulties obtaining employment and securing housing are not regarded as extreme circumstances" justifying expungement.).

Accordingly, McDowell's Motion to Expunge, ECF No. 24, is DENIED.

Dated: April 30, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge